UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAWRENCE MILLER AND
WYLONDA MILLER                           CIVIL ACTION

VERSUS                                   NUMBER 12-199-JJB-SCR

JOHN D. ESPARZA, ET AL

### ORDER TO AMEND NOTICE OF REMOVAL

Defendants John D. Esparza, Esparza Transport Services, LLC, and The Waggoners Trucking removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. To establish diversity of citizenship, in their Notice of Removal the defendants alleged that the plaintiffs are citizens of Louisiana, defendant Esparza is a citizen of California, defendant "Esparza Transport Services , LLC is a foreign corporation incorporated in the State of California, and with its principal place of business in California," defendant The Waggoners Trucking is a incorporated in the State of Montana and has its principal place of business in Oklahoma, and defendant "EAN Holdings, LLC, ... is a Delaware corporation with its principal place of business in St. Louis, Missouri."[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in

---

[1] Record document number 1, Notice of Removal, ¶ 1. Defendants also alleged that defendant Aaron Eligar is citizen of Louisiana, but that he is improperly joined.

accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Defendants' jurisdictional allegations are not sufficient to establish diversity jurisdiction. Defendants Esparza Transport Services and EAN Holdings include the "LLC" designation in their names. Typically, an entity using "LLC" in its name is organized

---

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990). The determination of the citizenship of the parties in this case is not affected by the Federal Courts Jurisdiction and Venue Clarification Act of 2011.

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

as a limited liability company rather than a corporation. If these defendants are organized as a limited liability companies, their citizenship cannot be determined from the defendants' allegation.[5] Neither the state where a limited liability company is organized, nor the state where it has its principal place of business, determines its citizenship.

Therefore;

IT IS ORDERED that removing defendants John D. Esparza, Esparza Transport Services, LLC, and The Waggoners Trucking shall have 14 days to file an Amended Notice of Removal which (1) clarifies the whether defendants Esparza Transport Services, LLC and EAN Holdings, LLC are organized as limited liability companies or corporations, and (2) to properly allege the citizenship of any defendant which is a limited liability company.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, April 10, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] If these defendants are corporation, then the citizenship allegation in the Notice of Removal are sufficient.