UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LAWRENCE MILLER AND
WYLONDA MILLER                              CIVIL ACTION

VERSUS                                      NUMBER 12-199-JJB-SCR

JOHN D. ESPARZA, ET AL


## NOTICE

    Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 30, 2012.


                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LAWRENCE MILLER AND
WYLONDA MILLER                                    CIVIL ACTION

VERSUS                                            NUMBER 12-199-JJB-SCR

JOHN D. ESPARZA, ET AL


### MAGISTRATE JUDGE'S REPORT

Before the court is the Plaintiffs' Motion to Remand filed by plaintiffs Lawrence and Wylonda Miller. Record document number 5. The motion is opposed.[1]

For the reasons which follow, the plaintiffs' motion should be denied.

### Background

Plaintiffs filed a Petition for Damages in state court naming as defendants John D. Esparza, The Waggoners Trucking, Esparza Transport Services, LLC, Enterprise Leasing, Enterprise Rent-A-Car Company and Aaron Eligar. Plaintiffs alleged they were injured when their vehicle collied with a vehicle which was being unloaded by defendant Esparza from an auto-carrier parked on the roadway in front of the Enterprise Leasing location on Siegen Lane in Baton Rouge, Louisiana. Plaintiffs are Louisiana citizens, as is defendant Elgiar, who was the manager of the Enterprise location at

---

[1] Record document numbers 6 and 7.

the time of the accident.  Defendants Esparza, Esparza Transport

and The Waggoners Trucking removed the case to this court asserting

subject matter jurisdiction under 28 U.S.C. § 1332, diversity of

citizenship.  Defendants argued the defendant Elgiar was improperly

joined.  Plaintiffs moved to remand, arguing that because defendant

Elgiar was negligent and was not improperly joined, there is not

complete diversity of citizenship between the plaintiffs and all

defendants.

This motion is focused on the plaintiffs' claim against

defendant Elgiar.  As to him, the Petition for Damages makes the

following allegations:

7.

 Defendants, Enterprise Leasing and/or Enterprise Rent-
A-Car and/or Aaron Elgiar authorized, instructed, and/or
permitted John D. Esparza to park the tractor
trailer/auto carrier in the northbound lane of LA-33246
in order to offload its vehicles.

14.

 Enterprise Leasing and/or Enterprise Rent-A-Car Company
and/or Aaron Elgiar committed the following acts of fault
and gross and wanton negligence which were the proximate
cause of the collision and petitioner's damages:
 (a) authorized, instructed, and/or permitted John D.
     Esparza to park the trailer/auto carrier in the
     northbound land or LA-3246 in order to offload its
     vehicles;
 (b) failed to provide a safe unloading area;
 (c) failed to establish a safe protocol for the
     unloading of vehicles, and
 (d) Such further acts and omissions as will be proven
     at the trial of this matter.[2]

---

[2] Record document number 1-2, ¶¶ 7, 14.

Plaintiffs relied on several pages from the deposition of defendant Elgiar.[3]  Defendants supported their oppositions with copies of the full depositions of defendant Elgiar and the plaintiffs.[4]

## Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reg. denied*, 70 F.3d 26 (5th Cir. 1995).

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied,* 125 S.Ct. 1825 (2005).  Since the purpose of the inquiry is to determine whether the in-state defendant was

---

[3] Record document number 5-4.

[4] Record document number 7-1, Elgiar deposition; record document number 7-2, Lawrence Miller deposition; record document number 7-3, Wylonda Miller deposition.  Defendants EAN Holdings, LLC (referred to as Enterprise Leasing and Enterprise Rent-A-Car Company in the Petition for Damages) supported their opposition with specific pages from the depositions of defendant Elgiar and the plaintiffs.  Record document numbers 6-1, Exhibits 1, 2, and 3, respectively.

properly joined, the focus must be on the joinder, not the merits of the plaintiff's case.  *Id.*

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).  In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant.  Stated another way, it means that here is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009). This means that there must be a reasonable possibility of recovery, not merely a theoretical one.  *Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007).

The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary inquiry.  *Id.*  In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party.  *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60

(1990).

The state law governing the court's analysis of the improper joinder issue in this case is Louisiana's law setting forth the circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons. This law is explained in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). In *Canter* the court adopted the following criteria for imposing liability on individual officers or employees for breaching a duty arising solely because of the employment relationship:

> 1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances--whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
> 4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally

at fault and liable for the negligent performance of this
responsibility unless he personally knows or personally
should know of its non-performance or mal-performance and
has nevertheless failed to cure the risk of harm.

*Id.* at 721; *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312
(2005); *In re 1994 Exxon Chemical Fire*, 558 F.3d at 385.

## <u>Analysis</u>

As amply demonstrated by the defendants in their opposition
memoranda, there is no reasonable basis for the court to predict
that the plaintiff might be able to recover against in-state
defendant Elgiar.

There are no disputed issues of law.

There is no evidence that defendant Elgiar was present at the
Enterprise location where the accident occurred.  In fact, it was
closed, and had been closed for about two hours before the accident
happened.  There is no evidence that defendant Elgiar knew the
plaintiffs or defendant Esparza were coming to the Enterprise
location the afternoon of the accident.  There is no evidence that
defendant Elgiar had instructed defendant Esparza where to unload
the vehicles from his auto-carrier, or had ever spoken to or met
defendant Esparza.  There is no evidence that defendant Elgiar had
ever instructed any vehicle delivery driver to park on the roadway
to offload vehicles.  At most, the plaintiffs offered evidence that
defendant Elgiar has seen, at some undetermined time in the past,

18-wheelers unloading vehicles in the middle lane of Siegen Lane;[5] but for the most part the drivers pull into the lot to unload.[6] Defendant Elgiar never saw an auto-carrier offload in the right hand lane closest to the Enterprise location on Siegen Lane,[7] which is the lane where the accident in this case occurred.[8]

## Conclusion

Plaintiffs have no evidence upon which a reasonable jury could base a finding that defendant Elgiar breached any duty owed to the plaintiffs by his employer through his personal fault, or that he was negligent in any way, such that he would be individually liable for the plaintiffs' injuries. Defendants have shown by far more than a preponderance of the evidence that defendant Elgiar was improperly joined, and therefore his Louisiana citizenship must not be considered in determining whether the court has jurisdiction under § 1332. When the citizenship of defendant Elgiar is ignored, there is complete diversity of citizenship between the plaintiffs and the remaining defendants.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the

---

[5] Record document number 7-1, p. 22.

[6] *Id.* at 23.

[7] *Id.* at 24.

[8] Record document number 1-2, Petition for Damages, ¶ 4.

plaintiffs' Motion to Remand be denied.

Baton Rouge, Louisiana, May 30, 2012.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE